**UNITED STATES of America, Plaintiff,**

**and**

**MJ Research, Inc., Plaintiff—Appellant,**

**v.**

**APPLERA CORPORATION, f/k/a PE Corporation; et al., Defendants—Appellees.**

No. 03–57229.

D.C. No. CV–03–05429–MRP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Nov. 21, 2005.

Lisa A. Palombo, USLA—Office of the U.S. Attorney, Los Angeles, CA, Michael F. Hertz, U.S. Department of Justice, Washington, DC, for Plaintiff.

Frank E. Meredith, Jr., Greenberg Traurig LLP, Santa Monica, CA, Robert P. Charrow, C. Allen Foster, Greenberg Traurig LLP, Washington, DC, for Plaintiff-Appellant.

292

Susan M. Griffin, Finnegan Henderson Farabow Garrett & Dunner LLP, Jonathan D. Hacker, O'Melveny & Myers LLP, Washington, DC, Matthew D. Powers, Edward R. Reines, Weil Gotshal & Mangers LLP, Redwood Shores, CA, James R. Asperger, O'Melveny & Myers, LLP, Los Angeles, CA, for Defendants–Appellees.

Before HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM*

MJ Research appeals the district court's judgment dismissing for lack of jurisdiction its *qui tam* action against defendants. In determining under Fed.R.Civ.P. 12(b)(1) that it lacked jurisdiction, the district court found that MJ Research was not an original source under 31 U.S.C. § 3730(e)(4)(B) of the False Claims Act. We review for clear error factual findings relevant to a determination of subject matter jurisdiction. *See United States ex rel. Biddle v. Board of Trustees of the Leland Stanford, Jr. Univ.,* 161 F.3d 533, 535 (9th Cir.1998). We have jurisdiction over the district court's final judgment, under 28 U.S.C. § 1291, and we affirm.

■ The public disclosure bar of the False Claims Act applies whenever a complaint is based upon allegations or transactions of fraud disclosed in the news media. 31 U.S.C. § 3730(e)(4)(A). As long as the material elements of the fraud allegation are disclosed before the complaint is filed, the jurisdictional bar applies. *See A–1 Ambulance Serv., Inc. v. California,* 202 F.3d 1238, 1243 (9th Cir.2000). Here, as even plaintiff conceded before the district court, the information on which it relied was publicly disclosed before it filed its *qui tam* action.

■ The False Claims Act provides an exception to the public disclosure jurisdictional bar for an "original source" of the fraud allegation. 31 U.S.C. § 3730(e)(4)(A). An "original source" is a relator who has "direct and independent knowledge" of the information forming the basis for the complaint and who voluntarily provides that information to the Government. 31 U.S.C. § 3730(e)(4)(B). Here, it is undisputed that MJ's knowledge was independent of the public disclosure, and MJ's voluntary disclosure to the federal government prior to filing its complaint is not in dispute.

This court has framed the inquiry for "direct" knowledge as: "the relator must show that he had firsthand knowledge of the alleged fraud, and that he obtained this knowledge through his 'own labor unmediated by anything else.'" *United States v. Alcan Elec. & Eng'g, Inc.,* 197 F.3d 1014, 1020 (9th Cir.1999) (quoting *United States ex rel. Aflatooni v. Kitsap Physicians Servs., Inc.,* 163 F.3d 516, 525 (9th Cir. 1999)). "A person who learns secondhand of the allegations of fraud does not have 'direct knowledge' within the meaning of [the FCA]." *United States ex rel. Devlin v. California,* 84 F.3d 358, 362 (9th Cir. 1996).

The district court did not clearly err in concluding that MJ did not possess direct knowledge of the alleged fraud. Despite MJ's extensive investigative efforts, its knowledge was either obtained from publicly available patent materials, journal articles, and grant applications, or derived secondhand from Dr. Henry Huang's re-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

search notes and grant files. As the district court determined, MJ's knowledge was neither "unmediated" nor witnessed with its "own eyes." *See Wang v. FMC Corp.,* 975 F.2d 1412, 1417 (9th Cir.1992). MJ Research did not have direct knowledge of the alleged fraud at issue here and thus is not an "original source."

**AFFIRMED.**

Before FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.